IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| v. | ) | C O M P L A I N T |
| J.A. THOMAS & ASSOC., INC., | ) | JURY TRIAL DEMAND |
| Defendant. | ) ) ) | |

NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 to correct unlawful employment practices on the basis of disability, a bilateral amputee below the knees, and to provide appropriate relief to Sally Lipinski ("Lipinski") who was adversely affected by such practices.

JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of United States District Court for the Eastern District of Michigan, Southern Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4. At all relevant times, Defendant, J.A. Thomas & Associates, Inc. (the "Employer"), has continuously been doing business in the State of Georgia and the City of Smyrna, and has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6. At all relevant times, Defendant Employer has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

7. More than thirty days prior to the institution of this lawsuit, Lipinski filed a charge with the Commission alleging violations of Title I of the ADA by Defendant, Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

8. Since at least May 2008, Defendant engaged in unlawful employment practices in violation of Section 102 of Title I of the ADA, 42 U.S.C. § 12112, by refusing to hire Lipinski as a Health Information Management Specialist due to her disability, bilateral amputee below the knees.

9. The effect of the practices complained of in paragraph 8 above has been to deprive Lipinski of equal employment opportunities and otherwise adversely affect her status as an applicant for employment, because of her disability.

10. The unlawful employment practices complained of in paragraph 8 above were intentional.

11. The unlawful employment practices complained of in paragraph 8 above were done with malice or with reckless indifference to the federally protected rights of Lipinski.

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it from denying Lipinski or other person with disabilities job opportunities due to disability.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make whole Lipinski, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D. Order Defendant to make whole Lipinski by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 8 above, including but not limited to medical expenses, job search expenses, and other out-of-pocket expenses, in amounts to be determined at trial.

  E. Order Defendant to make whole Lipinski by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraph 8 above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

  F. Order Defendant to pay Lipinski punitive damages for its malicious and reckless conduct, as described in paragraph 8 above, in amounts to be determined at trial.

  G. Grant such further relief as the Court deems necessary and proper in the public interest.

  H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

/s/ Laurie A. Young
Laurie A. Young
Regional Attorney

/s/ Kenneth L. Bird
Kenneth L. Bird
Acting Supervisory Trial Attorney

/s/ Lauren Gibbs
Lauren Gibbs
Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

Detroit Field Office
477 Michigan Ave. Room 865
Detroit, MI 48226
(313) 226-4620