**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,                                                    Case No. 2:11-CV-13347-RHC-MKM

      Plaintiff,                                          HONORABLE ROBERT H. CLELAND

v.                                                            MAGISTRATE JUDGE
                                                              MONA K. MAJZOUB
J.A. THOMAS & ASSOC., INC.

      Defendant.

_____ /

**SETTLEMENT AGREEMENT**

Plaintiff, Equal Employment Opportunity Commission ("EEOC" or "Commission"), filed

this suit against J.A. Thomas & Associates, Inc. ("J.A. Thomas" or "Defendant") under Title I of

the Americans with Disabilities Act of 1990 ("ADA"). The Commission brought the action to

correct alleged unlawful employment practices based on disability. More specifically, the

Commission alleged that J.A. Thomas failed to rehire Sally Lipinski, a bilateral amputee below

the knees, due to her disability.

Because of settlement discussions, the Commission and J.A. Thomas have resolved their

differences and agreed to settle this action through the entry of this Settlement Agreement

("Agreement"). The parties intend for this Agreement to be a final and binding settlement in full

disposition of the claims alleged in the Complaint filed by the Commission. By entering this

Agreement, Defendant does not admit liability, nor does this Agreement constitute an

adjudication or finding on the merits set forth in Complaint filed by the Commission.

1

**TO RESOLVE ALL MATTERS IN CONTROVERSY BETWEEN THE PARTIES, THE PARTIES AGREE TO THE FOLLOWING:**

## TRAINING

1.    J.A. Thomas shall provide training to all of its employees on the ADA, including but not limited to training about disability discrimination and reasonable accommodations. The training shall consist of J.A. Thomas's already scheduled corporate on-line training that the EEOC has previously reviewed.

2.    J.A. Thomas shall complete the training outlined in Paragraph One within six months of the filing of this Agreement.

3.    J.A. Thomas shall provide a certificate of completion or affidavit asserting the completion of the training outlined in Paragraph One, no later than 28 days after the completion of the training. The certificate shall identify the individuals who completed the training and the dates on which the training was completed. If any J.A. Thomas employees do not complete the training, Defendant shall identify them by name and position, and explain why they did not complete the training.

4.    The certificate of completion or affidavit required by Paragraph Three shall be mailed to Regional Attorney Laurie A. Young, c/o Trial Attorney Lauren Gibbs Burstein, Equal Employment Opportunity Commission, 477 Michigan Avenue, Room 865, Detroit, MI 48226.

## CHARGING PARTY RELIEF

5.    J.A. Thomas shall pay the sum of **$325,000** in back pay to Sally Lipinski. This amount will be paid in accordance with J.A. Thomas's normal payroll practices and will be subject to withholdings for legally required taxes. J.A. Thomas will issue a Form W-2 for tax year 2013 reflecting this amount. J.A. Thomas will not deduct from this amount the employer's share of any costs, taxes, or social security required by law to be paid by J.A. Thomas.

6.    J.A. Thomas shall pay the sum of **$25,000.00** in non-pecuniary compensatory damages to Sally Lipinski. No withholdings will be made from this amount. J.A. Thomas will issue a Form 1099 for tax year 2013 to Sally Lipinski evidencing this payment, and Sally Lipinski will be responsible to determine and pay any taxes that may be required on this payment.

7.    J.A. Thomas shall make these payments to Sally Lipinski by mailing checks to her home address, via certified mail, return receipt requested, within 35 days of the filing of this Agreement with the Court. Within 30 days thereafter, J.A. Thomas shall mail a copy of the checks and certified mail return receipts to Regional Attorney Laurie A. Young, c/o Trial Attorney Lauren Gibbs Burstein, Equal Employment Opportunity Commission, 477 Michigan Avenue, Room 865, Detroit, MI 48226.

## DURATION

8.    Absent extension, this Agreement shall remain in effect for 8 months from the date it is filed with the Court.

## DISPUTE RESOLUTION AND COMPLIANCE

9.    This Court shall retain jurisdiction over this action for the duration of this Agreement and shall have all equitable powers, including injunctive relief, to enforce this Agreement. Upon motion of either party, the Court may schedule a hearing to review compliance with this Agreement. The parties shall engage in a good-faith effort to resolve any dispute regarding compliance prior to seeking review by the Court. Should the Court determine that either party has not complied, the Court may order appropriate relief including but not limited to extension of the Agreement for the time necessary to remedy non-compliance, and attorney's fees and costs.

## MISCELLANEOUS PROVISIONS

10.   EEOC's press release on the settlement is attached as Exhibit 1.

11.   Lipinski will sign the release attached as Exhibit 2. Within 10 days of receiving copies of the checks paid to Lipinski, outlined in Paragraph Seven, the EEOC will produce an original copy of the release to J.A. Thomas, c/o Attorney John Holmquist.

12.   At the end of the duration of this Agreement, described in Paragraph Eight, or sooner if both parties agree that all terms of the Agreement have been met, the parties shall file the Joint Stipulated Order for Dismissal, attached as Exhibit 3.

13.   Each party to this Agreement shall bear its own attorney's fees and costs.

14.   If a court finds any provision of this Agreement unenforceable, only the specific provision in question shall be affected and the other enforceable provisions shall remain in full force and effect.

15.   The terms of this Agreement shall be binding upon the present and future directors, owners, officers, managers, agents, successors, creditors, trustees, administrators, representatives, and assigns of J.A. Thomas.

16.   Prior to selling all or substantially all of its assets to another person or entity during the duration of this Agreement, J.A. Thomas or its successor shall inform the person or entity of this Agreement and provide the person or entity with a copy of the this Agreement. In addition, J.A. Thomas shall provide notice to the EEOC of any transfer of ownership during the duration of this Agreement.

17.   This Agreement constitutes the entire agreement and commitments of the parties. Counsel for the parties are authorized to enter into this Agreement and their digital signatures below shall be considered original signatures and shall have the same binding effect.

| **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION** | **J.A. THOMAS & ASSOCIATES, INC.** |
|---|---|
| LAURIE A. YOUNG<br>Regional Attorney<br><br>KENNETH BIRD<br>Acting Supervisory Trial Attorney<br><br>/s/ Lauren Gibbs Burstein<br>LAUREN GIBBS BURSTEIN<br>Senior Trial Attorney<br><br>DETROIT FIELD OFFICE<br>477 Michigan Ave., Room 865<br>Detroit, MI 48226<br><br>Dated: Dec. 20, 2012 | /s/  C. John Holmquist Jr. (with permission)<br>C. JOHN HOLMQUIST JR.<br>HOLMQUIST EMPLOYMENT LAW FIRM<br>Attorney for Defendant<br>900 Wilshire Dr., Ste. 202<br>Troy, MI 48084<br>(248) 952-4342<br><br>Dated: Dec. 20, 2012<br><br>/s/   John H. Patteson Jr. (with permission)<br>JOHN H. PATTESON JR.<br>BRYNE, DAVIS & HICKS, P.C.<br>Attorney for Defendant<br>3340 Peachtree Rd. NE<br>Atlanta, GA 30326<br>(313) 226-4620<br><br>Dated: Dec. 20, 2012 |

4